```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

MICHAEL COLLINS,                )
     Petitioner,                )
                                )     Civil Action No.
          v.                    )     15-14040-PBS
                                )
OSVALDO VIDAL,                  )
     Respondent.                )
```

## ORDER

December 16, 2015

Saris, C.J.

    Michael Collins, who filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, has moved for the appointment of counsel. For the reasons stated below, the Court denies the motion without prejudice.

    Collins does not have a constitutional right to counsel in a habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 756-57 (1991); United States v. Saccoccia, 564 F.3d 502, 506 n.3 (1st Cir. 2009). Under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, the Court may appoint counsel for a "financially eligible" habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In determining whether the interests of justice require the appointment of counsel, the court must examine the totality of the circumstances, focusing on whether the petitioner has presented a colorable claim, the complexity of the legal issues, the intricacy of any factual issues, and the petitioner's ability to represent himself. See United States v. Guadalupe-Quinones, 65 Fed. Appx. 329, 333 (1st Cir. 2003); Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).

In addition, if the Court decides to conduct an evidentiary hearing on the petition, the interests of justice will require appointment of counsel.  See Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

The appointment of counsel would be premature at this time.  The Court does not have any information concerning the petitioner's financial status and thus cannot determine whether he is financially eligible for the appointment of CJA counsel.  Moreover, the Court cannot yet determine whether the interests of justice require the appointment of counsel.  The petition has not been served pending resolution of the filing fee.  In the absence of a substantive response from the respondent, the Court's evaluation of the strength of the petitioner's claims would be incomplete.

Therefore, the motion for appointment of counsel (#2) is **DENIED WITHOUT PREJUDICE** to renewal after the petitioner has made a showing of financial eligibility for CJA counsel and the respondent has filed a legal memorandum in opposition to the petition.

SO ORDERED.

 12/16/2015              /s/ Patti B. Saris
DATE                    PATTI B. SARIS
                        CHIEF, U.S. DISTRICT JUDGE